Raymond Crilly, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

222

Argued December 4, 1978, before Judges WILKINSON, JR., DiSALLE and MACPHAIL, sitting as a panel of three.

*Elizabeth M. Iannelli,* with her *O'Brien & O'Brien Associates,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE DiSALLE, January 31, 1979:

Raymond J. Crilly (Claimant) filed this petition for review from the order of the Unemployment Compensation Board of Review (Board), dated July 28, 1977, vacating its prior decision and affirming the determination by the Bureau of Employment Security and the Referee that he was ineligible to receive unemployment compensation benfits because of conduct de-

scribed as wilful misconduct under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

This case is before us for the second time. On Claimant's first appeal from the Board's order, dated April 25, 1975, we were compelled to remand for further findings of fact.[1] We concluded that the original findings were deficient in that the Board did not consider any justification presented by Claimant for his actions, nor did it determine whether the Employer maintained standards for lateness or absenteeism of its employees and, if so, whether these standards were applicable to Claimant. The Board, in compliance therewith, remanded the case to a referee for the taking of additional testimony. After the hearing, the Board reviewed the record as supplemented and, in support of its decision to deny unemployment compensation benefits to Claimant, made the following findings of fact:

1. The claimant was last employed by SEPTA-Red Arrow as a bus and trolley operator at $4.90 an hour for five years, and his last day of work was June 27, 1974.

2. The claimant had accumulated a record of tardiness and absenteeism prior to October 21, 1973 when he was involved in an accident which caused the claimant to be off work. The claimant was warned about his lateness and absences on several occasions.

3. As a result of a continuation of the conduct described in Finding Number Two, the claimant was suspended as part of a disciplinary action.

---

[1] Reported at 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976).

4. The employer had a standard procedure for dealing with the employee's tardiness in reporting for runs. This procedure consisted of 'progressive discipline' which involved counseling, warnings, suspension, and finally discharge.

5. The claimant was treated by the company physician after his accident and was certified by this doctor to be able to return to work on May 28, 1974.

6. The claimant's physician had prescribed Valium during his recuperation, but this medication was not taken by the claimant after June 10, 1974.

7. After his return to work on May 28, 1974, the claimant missed several morning runs because of oversleeping.

8. The claimant was warned about his missing morning runs and, when such conduct continued, he was discharged on June 27, 1974.

9. The employer's standards relative to absenteeism and tardiness were applied equally among all employees including the claimant.

Claimant's challenge directs our attention to findings of fact 4 and 9, which he contends are unsupported by the requisite substantial evidence. In an unemployment compensation appeal, our scope of review is confined to questions of law, including the question of whether an employee's actions constitute wilful misconduct, and, absent fraud, to a determination of whether the findings of fact are supported by substantial evidence. 2 Pa.C.S. §704. *Berry v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 565, 382 A.2d 487 (1978). When we review the transcript, particularly portions of the proceedings of March 16, 1977, it becomes apparent that a progressive

disciplinary procedure was followed by the Employer and that its application to Claimant was no different than to other employees. Claimant, of course, disputed these findings before the referee, as he does before us. The Board, however, is the ultimate fact-finder and is empowered to resolve conflicts in the evidence and to determine credibility of witnesses. *Unemployment Compensation Board of Review v. Haughton Elevator Co.*, 21 Pa. Commonwealth Ct. 307, 345 A.2d 297 (1975). We can discern no reason to disturb the Board's findings here.

"Wilful misconduct," as a basis for discharge from employment, has been addressed frequently by this Court. *See Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We have found that habitual absenteeism, despite warnings from the employer, constitutes wilful misconduct. *Roebuck v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 491, 382 A.2d 482 (1978); *Pilchesky v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 200, 370 A.2d 763 (1977). Tardiness, in combination with a history of absenteeism, may also constitute a disregard of the standards of behavior which the employer has a right to expect of his employees. As such, Claimant's repeated lateness for work and absenteeism amounted to wilful misconduct. Accordingly, the Board properly concluded he was ineligible for unemployment compensation benefits.

## Order

And Now, this 31st day of January, 1979, the order of the Unemployment Compensation Board of Review, dated July 28, 1977, denying benefits to Raymond J. Crilly, is affirmed.