Benjamin Frazier, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1980, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Peter G. Sheridan,* for petitioner.

*Elsa Newman-Silverstine,* with her *David R. Confer,* Assistant Attorney General, *Richard Wagner,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., February 27, 1980:

Petitioner (claimant) appeals from the order of the Unemployment Compensation Board of Review (Board) disallowing his appeal from the order of the referee denying unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e). We reverse and remand.

Claimant was employed as a book store manager in a mall, with responsibility for the fiscal operation of the store. Upon opening for business on July 14, 1978, claimant inadvertently left a bank bag containing $1,033.66 either on top of his desk, on top of the safe, or in the unlocked safe instead of securing the money bag by locking the safe. Later that morning, a co-worker discovered that the money bag was missing. Claimant telephoned police and filed a police report; the money bag was found later in the mall with $820.34 in cash missing. After declaring that claimant's negligence was in violation of company policy, claimant's employer discharged him. Upon his application for unemployment compensation benefits, the Bureau of Employment Security, now Office of Employment Security, determined that the claimant's inadvertent act of leaving the safe unlocked was in disregard of his

employer's rules and was therefore willful misconduct under Section 402(e) of the Law.

Claimant appealed, stating that he did not act willfully, and a hearing was held at which the employer testified regarding company regulations on the handling of cash and at which the claimant admitted that he had forgotten to secure the money in the proper manner. No evidence was presented of any prior improper actions by the claimant, and no allegation of claimant's conspiracy in the theft was made by the employer. The referee found that the claimant's employment was terminated as a result of the theft and that he was responsible for the loss through his neglect. Because the referee concluded that such neglect was not in the best interest of the employer, he affirmed the denial of benefits. Claimant's appeal that his honest mistake could not properly be considered willful misconduct was denied by the Board. Claimant now appeals to this Court, arguing that the referee's findings of fact are inconsistent and contradictory to his conclusion of willful misconduct under the Law because nowhere in his findings are claimant's actions characterized as willful, intentional, or deliberate. Claimant further argues that there is no finding that a written rule existed or that claimant acted in disregard of a specific work rule.

The respondent Board avers that the findings of fact regarding claimant's mishandling of funds entrusted to him for safekeeping are supported by the evidence and binding on this Court. Arguing that the claimant was unquestionably aware of his duties with respect to handling store receipts, the Board cites the employer's exhibit at the hearing of a copy of its policy and procedure governing cash receipts and the referee's finding that the claimant was aware of his responsibility to keep funds secure. In concluding that the claimant's conduct constituted negligence mani-

festing culpability, the Board cites two cases involving an employee's negligence while driving his employer's vehicle. *Venanzi v. Unemployment Compensation Board of Review*, 41 Pa. Commonwealth Ct. 448, 399 A.2d 805 (1979); *Schappe v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 249, 392 A.2d 353 (1978). Both cases involved more than one traffic accident within a short period of time resulting in substantial loss to the employer and can be distinguished on their facts.

More important for our use here is the test for when negligence becomes willful misconduct, found in *Schappe, supra*.

> While the number of accidents cannot be said to be unimportant in a determination of whether such accidents constitute willful misconduct, we do not believe that the number is the sole and exclusive criterion. Rather, the controlling issue is whether the nature of Claimant's negligence is such as to demonstrate 'manifest culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.' Obviously each case will have to be decided on its own facts. . . . (Citation omitted.) (Emphasis omitted.)

*Id.* at 253, 392 A.2d at 355-56.

This Court has recently used the criteria set out above in declaring unreasonable for use in determining benefits an employer's rule subjecting a truck driver to severe discipline on the basis of his involvement in a rear-end collision regardless of fault. The Court concluded that the rule failed to include any consideration of the employee's culpability and further concluded that the employee had performed his assigned tasks to the best of his ability. *DeFazio Express, Inc. v. Unemployment Compensation Board of Review*, 46 Pa.

Commonwealth Ct. 301, 406 A.2d 579 (1979). Our use of the criteria set out in *Schappe, supra,* leads us to the conclusion that there is insufficient evidence in the record to affirm the denial of benefits on the basis of willful misconduct. The record evidences no wrongful intent, culpability, or substantial disregard for the employer's interest in the claimant's inadvertent act. Had he deliberately decided to break his employer's rule, even for a good reason, the result may have been different.[1] *See Schooley v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 383, 402 A.2d 1109 (1979); *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). Willful misconduct implies action of an intentional and deliberate nature, whereas the present facts indicate an honest mistake made by an employee who was aware of his responsibilities and unintentionally erred in his efforts to perform them. We must conclude then that the evidence in the record does not lead us to the conclusion that the Claimant's action constituted willful misconduct. The Board's order, since it is not based on substantial evidence, must be reversed.

Accordingly, we will enter the following

ORDER

AND Now, February 27, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-165632, dated November 13, 1978, affirming the denial of benefits to Benjamin Frazier is reversed, and the record is remanded to the Board for the Computation of benefits due the claimant.

---

[1] Although not controlling, we have searched the record in vain to find a company policy that a manager who leaves money outside a safe or in an unlocked safe will be discharged. The employer's witness said there was such a policy and that claimant should have known it since it was in the manual. As far as this record discloses, nothing appears in the manual regarding discharge.

President Judge BOWMAN did not participate in the decision in this case.