Luther Byrd, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Marjorie A. Janoski*, with her *Richard P. Perna*, for petitioner.

*Elsa D. Newman-Silverstine*, Assistant Attorney General, with her *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 19, 1980:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) dismissing his appeal from the order of the referee denying unemployment compensation benefits. We reverse and remand.

Claimant began work as a taxi cab driver on September 7, 1978. On the night of September 8, 1978 claimant picked up a fare and drove without putting

down the flag on the meter. According to the employer's regulations, driving "flag high" is impermissible. A driver who makes a partial or complete "flag high" trip is required to call in on the radio at the time, to report it to the person in charge at the garage and to make a written report; claimant testified his radio was not working and he forgot to make the other reports. When claimant next reported for work on September 11, 1978, he was discharged for driving "flag high".

The Bureau of Employment Security (now the Office of Employment Security), the referee, and the Board all denied benefits on the basis that claimant's discharge was due to willful misconduct as defined in Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

We have very brief findings of fact and we quote them in full:

1. Claimant was last employed by Yellow Cab Company on September 8, 1978 as a cab driver earning commission rates.

2. On September 8, 1978, claimant was observed driving his vehicle 'flag high'.

3. When claimant reported to work on September 11, 1978, he was discharged for conduct clearly in violation of the employer's rules and regulations and cause for immediate dismissal.

Claimant here argues that his inadvertent failure to comply with his employer's rule against driving "flag high" with passengers in the taxi cab did not constitute willful misconduct. As set forth in *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978), the determination of whether or not an employee's actions constitute willful misconduct must be made in light of all the circumstances, including not only the employee's noncom-

pliance with an employer's directive but also the reasons for that noncompliance. This Court has indicated that an inadvertent violation of an employer's rule may not constitute willful misconduct. *See Frazier v. Unemployment Compensation Board of Review,* 49 Pa. Commonwealth Ct. 474, 411 A.2d 580 (1980); *Century Apartments, Inc. v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 485, 373 A.2d 1191 (1977). *But see Philadelphia Geriatric Center v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 357, 406 A.2d 1177 (1979).

In the instant case claimant testified that he drove a few blocks with the "flag high" but offered testimony describing the circumstances that might exculpate him. Claimant was an inexperienced cab driver, and the incident took place on only his second night on the job. As soon as one passenger exited, a new set of passengers got into the taxi cab. The pattern of traffic that night demanded extra attention. However, the referee's findings of fact did not go beyond the mere fact of a single act contrary to the employer's rule. In this rules violation case, we must require a separate finding on the questions of "good cause" and of the nature (namely, deliberate or inadvertent) of claimant's conduct. *See Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). "[F]indings of fact 'must include all findings necessary to resolve the issues raised by the evidence and which are relevant to a decision.' " *Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 467, 379 A.2d 1069, 1072 (1977), quoting from *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975).

Had the claimant been a seasoned cab driver, the result might have been different.

244

Accordingly, we will enter the following

ORDER

AND NOW, June 19, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-167088, dated December 20, 1978, denying benefits is hereby reversed and the record is remanded to the Board of Review for a finding and decision consistent with the opinion herein.