Morysville Body Works, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Philip D. Eddinger, Respondents.

Argued June 2, 1980, before Judges WILKINSON, JR., MacPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Craig S. Boyd,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel and *Philip D. Eddinger,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 11, 1980:

This is an appeal by Morysville Body Works, Inc. (employer) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to grant benefits to claimant Philip D. Eddinger. The employer asserts that Eddinger was discharged for conduct constituting "willful miscon-

duct'' under Section 402(e) of the Unemployment Compensation Law,[1] and was ineligible for benefits by force of thát Section.

On September 22, 1978 the employer discharged Eddinger for violating a shop rule against punching another employee's time card. At the hearing before the referee, the employer's only witness, the company president testified that on September 22nd he observed the claimant punch two time cards after the lunch break: the claimant's own and that of a co-worker named Heydt. According to the employer's witness, Eddinger removed both cards from their rack at the same time and punched them in succession.

The claimant, in his testimony, admitted punching both cards but said he had done so inadvertently. He denied that he removed both cards at once, and indicated that he had taken them out of the rack one at a time. According to the claimant he had removed the first card without looking, and punching it thinking it to be his own. When he realized the mistake, he returned that card to the rack and proceeded to remove and punch his own card.

The evidence was undisputed that both cards were kept in the same rack, and that they were the only two cards in that rack. It was also undisputed that the other employee, whose card was punched, was not tardy in returning to work from the lunch break.

In awarding benefits to claimant Eddinger, the Board, as had the referee, made the following finding:

3. The claimant, on returning to work from his 12 Noon to 12:30 P.M. lunch break, *mistakenly* clocked in his co-worker's time card, and when he realized his *error* he proceeded to clock in his own time card. (Emphasis added.)

That finding is central to our review of this case.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

This Court has indicated that an inadvertent violation of an employer's rule may not constitute "willful misconduct." *Byrd v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 240, 415 A.2d 718 (1980) ; *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980) ; *Frazier v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 474, 411 A.2d 580 (1980).

The record evidence in the instant case is supportive of two conflicting conclusions. The employer's testimonial evidence would support an inference that the claimant's violation was deliberate. The claimant's testimony supports a finding that the violation was inadvertent. However, it is clearly settled that the weight and credibility of testimonial evidence is for the Board to determine. *E.g., Crilly v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 221, 397 A.2d 40 (1979). Based on that principle, the Board was well within its power in accepting the testimony of the claimant and rejecting that of the employer's witness, as the Board obviously did in this case. Therefore, the Board's finding that the claimant's violation was inadvertent, being supported by substantial record evidence, is conclusive upon appeal. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

The employer has also pointed out that the time card incident produced the third warning notice to the claimant for rule violations and thus called for automatic discharge under company policy. However, it was conceded that the first two notices were for matters unrelated to the time card rule. Furthermore, merely because the claimant's alleged last violation brought about his discharge, does not necessarily make his act "willful misconduct" under Section 402(e) of the Law.

For the reasons set forth, we affirm the order of the Board granting unemployment benefits in this case.

ORDER

AND Now, the 11th day of September, 1980, the order of the Unemployment Compensation Board of Review, dated January 19, 1979, at Decision No. B-168112, is affirmed.