Debra P. Sanesi, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Martin W. Sheerer, Dillman, Sheerer & Schuchert,* for petitioner.

*Steven R. Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 9, 1981:

Debra P. Sanesi (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) which denied benefits for willful

misconduct under Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant was employed as a manager for Fox Chapel Travel Service (employer) for a period of nine and one-half months. The Board determined that claimant was discharged, after numerous warnings, for habitual tardiness in arriving at work and returning from her lunch break.

It is well settled that habitual tardiness, particularly after warnings, is sufficient to sustain a finding of willful misconduct, disqualifying an employee from receiving unemployment compensation. *Spence v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 204, 409 A.2d 500 (1979). Claimant, however, argues that the Board's finding is clearly erroneous, based on the working hours of 9 a.m. to 5 p.m. provided in her employment contract. The employer refutes this argument by contending that (1) claimant agreed, after several months, to a starting time of 8:45 a.m. and (2) claimant was frequently late, even when the starting time was 9 a.m.

It is the province of the Board to resolve conflicts in testimony and assess the credibility of witnesses. *Crilly v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 221, 397 A.2d 40 (1979). The Board here, in proper exercise of its power, chose to believe the testimony of the employer, while rejecting that of claimant.

Accordingly, we enter the following

### ORDER

AND Now, this 9th day of February, 1981, the order of the Unemployment Compensation Board of Review, dated March 23, 1979, denying benefits to Debra P. Sanesi, is affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).