Edward L. Griffy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Michael H. Kaliner,* for petitioner.

*William Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, April 23, 1981:

This is an appeal from a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying unemployment compensation benefits to Edward Griffy (Claimant). The referee and the Board found that Claimant had voluntarily terminated his employ-

ment without cause of a necessitous and compelling nature, and that he was therefore ineligible to receive benefits pursuant to Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). We affirm.

The only issue raised in this appeal is whether the Board capriciously disregarded cometent evidence by not accepting as credible Claimant's allegation that he was fired from his job.

At the referee's hearing Claimant testified that he had been called to his supervisor's office following his involvement in a fight with a fellow employee, and that his supervisor had fired him. A statement from Claimant's employer was also entered into evidence which suggested that Claimant might have been fired. Claimant's supervisor testified, however, that he had not intended to fire Claimant following the fight, and that Claimant had simply entered his office, had twice said ''I know I am fired[,]'' and had left. Based on this testimony the referee made the following contested findings of fact which were subsequently adopted by the Board:

3. The claimant reported to the plant manager's office and said, 'I know I am fired.'

4. The plant manager did not say that the claimant was fired. He asked claimant to sit down and talk over the situation.

5. The claimant refused to sit down and discuss the matter and said, 'I know I am fired' a second time as he walked off the job.

6. The plant manager had not planned to fire the claimant. He merely wanted to discuss the matter to see what was going on.

We have repeatedly held that it is the province of the Board and not this Court to resolve conflicts in testimony. *Sanesi v. Unemployment Compensation*

*Board of Review,* 56 Pa. Commonwealth Ct. 516, 425 A.2d 65 (1981); *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). Since the contested findings in the present case were the result of a resolution of conflicting testimony rather than a capricious disregard of any competent evidence, we are bound thereby. *Miller v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 257, 424 A.2d 609 (1981).

Accordingly, we enter the following

### ORDER

AND Now, April 23, 1981, the Decision and Order of the Unemployment Compensation Board of Review dated March 19, 1980, Decision No. B-182117, is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.