David L. Ellis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges WIL-
LIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Hubert X. Gilroy, Broujos and Gilroy,* for peti-
tioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel,
with him *Richard L. Cole, Jr.,* Chief Counsel, for re-
spondent.

OPINION BY JUDGE CRAIG, June 13, 1983:

David L. Ellis appeals an order of the Unemploy-
ment Compensation Board of Review, affirming a ref-
eree's decision denying him benefits under section
402(e) of the Unemployment Compensation Law,[1] on
the ground his dismissal from employment resulted
from willful misconduct.[2]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §802(e).

[2] The employer has the burden of proving willful misconduct.
*Gane v. Unemployment Compensation Board of Review,* 41 Pa. Com-
monwealth Ct. 292, 398 A.2d 1110 (1979). Because the employer
here has carried that burden before the referee and the board, we
review the evidence in the light most favorable to it, affording it the
benefit of all the inferences which can fairly be drawn from the
testimony. *Roman v. Unemployment Compensation Board of Review,*
51 Pa. Commonwealth Ct. 44, 413 A.2d 775 (1980).

The referee's findings, which essentially are not in dispute, indicate that the employer discharged the claimant on August 25, 1981, following the claimant's absence the preceding workday.[3] In the year preceding the dismissal, the claimant had been absent six days and tardy six other days, despite earlier warnings by the employer about his attendance record.

The employer acknowledges that the claimant had excuses for his recent absences, but argues that the absences, which noticeably tended to extend the claimant's weekends off, coupled with the claimant's unexcused tardiness, past attendance record, and earlier warnings, constitute willful misconduct. In response, the claimant alleges that excused absences do not constitute willful misconduct, citing, *Adept Corp. v. Unemployment Compensation Board of Review*, 62 Pa. Commonwealth Ct. 566, 569, 437 A.2d 109, 110 (1981) ("Even excessive absenteeism, where justified or where properly reported according to company policy, although a legitimate basis for discharge, does not constitute willful misconduct or disqualify a claimant from receiving unemployment compensation benefits.") and *Penn Photo Mounts, Inc. v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980).

Here, however, these absences must be viewed in the context of instances of unexcused tardiness and the employer's past warnings. Habitual neglect in reporting to work, particularly after warnings, is sufficient to sustain a willful misconduct disqualification. *See Sanesi v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 516, 425 A.2d 65 (1981).

---

[3] In its Finding of Fact No. 2, the referee indicates that the claimant's absence on April 21, 1981 precipitated his dismissal. However, the parties acknowledged that the correct date of the absence should read August 24, 1981.

Accordingly, we must affirm the order of the board.

ORDER

Now, June 13, 1983, the order of the Unemployment Compensation Board of Review, No. B-203687, dated March 15, 1982, is affirmed.

