Hanover Industrial Machine Co., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1983, before Judges Rogers, MacPhail and Barry, sitting as a panel of three.

*Charles D. Donahue,* Associate Counsel, with him *Charles Hasson,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

*John Havas, Pepper, Hamilton & Scheetz,* for petitioner.

Opinion by Judge Barry, October 14, 1983:

This is an appeal by Hanover Industrial Machine Company (Hanover) from an order of the Unemployment Compensation Board of Review (Board) which reversed a referee's decision denying benefits to Ronald E. Drobek (Claimant) on the basis of willful mis-

conduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant began working for Hanover on October 27, 1980, as a maintenance man responsible for the repair and maintenance of machinery. On August 31, 1981, Hanover terminated Drobek's employment by letter which recited the following reasons for termination: unsatisfactory job performance with regard to inconsistency in carrying out work assignment, leaving assigned work area and interfering with others at work, and using Company equipment on Company time for personal use.

Claimant appealed Hanover's determination that he had been terminated for willful misconduct, and a hearing was held on November 19, 1981, before Referee M. Evelyn Stehman. Evidence presented at the hearing indicated that Claimant's work performance was marginal at best and Claimant had been counseled and warned by Hanover representatives about poor work habits including disruptive conversations with other employees and wandering away from his work tasks. Claimant had been denied a scheduled "step" pay raise due to his alleged disruptive habits.

On August 28, 1981, the Friday before his termination, Claimant's supervisor testified that he saw Claimant with a rubber covered boat chain which Claimant advised he wished to cut. At 4:15, while on overtime, the supervisor saw that the chain had been cut, while at 3:30 it was uncut. Thus, the supervisor deduced that Claimant had cut the chain while he was being paid a premium, overtime pay rate. The supervisor later learned that Claimant's co-worker had cut the chain assuming it was a company project. While the actual cutting probably took only three min-

utes, the supervisor testified that he felt the entire scenario took much longer, and felt this incident was ''a final display of complete disregard'' for Hanover's interests resulting in Claimant's termination the following Monday. (N.T., November 19, 1981).

The Referee found that the actions which resulted in Claimant's termination amounted to ''willful misconduct'' and Claimant was denied benefits. He appealed the Referee's decision to the Board, which reversed the Referee and found Claimant was entitled to benefits. We agree.

''Willful misconduct,'' while undefined in the Unemployment Compensation Law, has been construed by case law to mean an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which an employer has a right to expect of an employee, or negligence which manifests culpability, wrongful intent, or an intentional disregard of the employer's interest, or the employee's obligation to the employer. *Kentucky Fried Chicken of Altoona v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). The burden of proof is on the employer to demonstrate that the claimant engaged in willful misconduct for which he was discharged. *Id.*

A conflict in testimony appears on the record concerning whether claimant received warnings about his conduct and whether Claimant admitted he had done something wrong when confronted with the chain incident. The Board resolved this conflict in testimony in favor of the Claimant. It has been firmly established and repeatedly held by this Court that it is the province of the Board to resolve conflicts in testimony and assess the credibility of witnesses. *Sanesi v. Unemployment Compensation Board of Re-*

*view,* 56 Pa. Commonwealth Ct. 516, 425 A.2d 65 (1981) citing *Crilly v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 221, 397 A.2d 40 (1979). Petitioner (Hanover) argues that no substantial or material facts are really at issue in this case, and therefore, no conflict exists. The issue, however, revolves around whether the employer met its burden of proof. The Board, by finding for the Claimant, also necessarily found that the employer failed in sustaining its burden of proof.

We, therefore, conclude that Claimant's actions do not constitute willful misconduct, and the infraction resulting from the chain incident does not rise to the level of willful misconduct.

Accordingly, we will affirm the order of the Board.

ORDER

AND Now, October 14, 1983, the order of the Unemployment Compensation Board of Review, Decision No. B-206901, dated June 16, 1982, is hereby affirmed.