Department of the Auditor General, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 19, 1984 before Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Charles D. Shields, Jr.,* Deputy Counsel, for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

*James W. Carroll, Jr.,* with him, *H. Yale Gutnick,* for intervenor, Diana M. Varlotto.

OPINION BY JUDGE DOYLE, November 30, 1984:

This is an appeal by the Department of the Auditor General (Employer) from a determination and order of the Unemployment Compensation Board of Review (Board) granting Diana M. Varlotto (Claimant) unemployment compensation benefits.[1] Claimant was initially determined by the Office of Employment Security (OES) to be ineligible for benefits under Section 3 of the Unemployment Compensation Law (Law).[2] The referee affirmed the OES determination under Section 3 but additionally found that Claimant was *not* guilty of willful misconduct under Section 402(e) of the Law.[3] An appeal to the Board followed, and the Board reversed the Referee, finding that Claimant was not ineligible on the basis of either Section 3 or Section 402(e) of the Law.

Claimant, who was a Field Auditor for Employer, was suspended and subsequently discharged from her position "for allegedly paying money to obtain her job,

---

[1] Claimant initially intervened in the consolidated appeals of Thomas J. Evans, (No. 2609 C.D. 1983), Gilbert J. Falvo, (No. 2625 C.D. 1983), Ralph Mazzocchi, (No. 2627 C.D. 1983), and Manuel G. Ganopules, (No. 2628 C.D. 1983). Claimant's appeal was, thus, consolidated for oral argument. But, because we find that Claimant's factual scenario differs from that of the other cases, we write this opinion separately.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897 *as amended*, 43 P.S. §752. Section 3 provides that benefits are to be paid to "persons unemployed through no fault of their own." Section 3 has been construed by this Court to provide an independent substantive basis on which benefits may be denied to a claimant who does not fall within a specifically enumerated fault provision of the Law. *Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975).

[3] 43 P.S. §802(e).

failing to reveal the payment on her application for employment'' and being named in a grand jury presentment.[4]

The Board found that a "contribution" had been made to someone by the Claimant's father, apparently for the purpose of enhancing Claimant's chances of obtaining employment, but further found that Claimant, *at the time her application was filed,* was unaware of her father's actions. The Board thus determined that Claimant was not ineligible for benefits on the basis of either Section 3 or Section 402(e). The Employer's appeal to this Court followed.

The employer bears the burden of proving that a claimant is unemployed through fault of the claimant's own doing. *Wallace v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 327, 476 A.2d 1028 (1984); *Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976). Where, as here, the party with the burden of proof has not prevailed before the Board, this Court's scope of review is limited to determining whether there has been a capricious disregard of competent evidence or whether there has been an error of law. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). Capricious disregard is the "deliberate disregard of competent testimony which one of ordinary intelligence could not possibly have avoided in reaching the result." *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa.

---

[4] We note that the Board correctly determined that Claimant's having been named in a grand jury presentment was no basis for denial of benefits. We have previously held that an arrest is not sufficient evidence upon which to premise a denial of benefits. *Unemployment Compensation Board of Review v. Derk,* 24 Pa. Commonwealth Ct. 54, 353 A.2d 915 (1976).

Commonwealth Ct. 238, 241, 397 A.2d 42, 44 (1979), quoting *Unemployment Compensation Board of Review v. Cooper*, 25 Pa. Commonwealth Ct. 256, 259, 360 A.2d 293, 294 (1976). The Board's finding that Claimant was unaware *at the time her application was filed* that money had been paid for purposes of procuring her a position is, admittedly, contrary to the finding of the referee. Nonetheless, there is evidence in the record to support the Board's finding on this point. When there is conflicting testimony it is the Board's function to resolve questions of credibility and conflicts in the testimony. *Hanover Industrial Machine Co., v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 539, 466 A.2d 290 (1983). We, therefore, will not disturb this finding.

There appears to be no dispute that money was paid by Claimant's father for the purpose of increasing her chances of employment. There is no doubt that this conduct is reprehensible. But this was not *Claimant's* conduct. Moreover, our review of the law has revealed no unemployment compensation case where this Court permitted an employee to be held vicariously liable for the conduct of another individual. To the contrary, our recent opinion in *Stickloon v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 223, 475 A.2d 893 (1984) (a work stoppage case), indicates our disapproval of an employer's attempt to hold an employee vicariously liable. Sections 3 and 402(e) of the Law refer to *one's own conduct*. Thus, the critical question is, was *Claimant* either at fault pursuant to Section 3 or guilty of willful misconduct pursuant to Section 402(e). It is clear from the record that at some point Claimant became aware of the illegal payment. What the Board failed to determine is *when* this occurred. If Claimant became aware of her

father's actions after she filed her application, but prior to being hired, and then *acquiesced* in her father's illegal conduct, then clearly she herself is "at fault" pursuant to Section 3 of the Law.[5] If, however, she did not learn of the payment until after being hired, and played no part in the actual tainted act, *i.e.*, the attempted procurement of the position by payment, then she is without fault.[6] Because the Board and not this Court is empowered to make findings we must remand for a finding on when Claimant learned of the payment. This case is, therefore, remanded for additional findings consistent with this opinion.

### ORDER

Now, November 30, 1984, the decision and order of the Unemployment Compensation Board of Review, No. B-221658, dated August 26, 1983, is hereby vacated and that case is remanded to the Board for further proceedings consistent with this opinion. Jurisdiction relinquished.

Judge COLINS dissents.

---

[5] We do not believe, however, that such acquiescence is indicative of willful misconduct.

[6] We do not find persuasive the Employer's argument (for which no case law is cited as precedent) that Claimant had an ongoing duty to disclose her father's conduct when she learned of it. Nonetheless, we do not hold that subsequent to hiring an employee need never reveal potentially damaging information, nor do we hold that he must always do so. We hold only that where a nonviolent illegal act ended upon hiring, where a claimant never solicited the act and was unaware of it while it was ongoing, and where knowledge of an illegal act could reasonably be imputed to the employer, a claimant's personal conduct lacks both the willfulness and the fault which would serve as bases for denial of benefits. Additionally, while it is not the basis for our decision, we cannot help but recognize that disclosure, in this instance, would have meant Claimant's accusing her own father of a criminal act and subjecting him to appropriate criminal penalties.