Browning-Ferris Industries of Pennsylvania, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs August 9, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*P. Christian Hague*, with him, *Albert A. Torrence, Meyer, Unkovic & Scott*, for petitioner.

*Charles G. Hasson*, Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, December 12, 1985:

Browning-Ferris Industries of Pennsylvania, Inc. (Employer) appeals from a decision of the Unemployment Compensation Board of Review (Board) awarding benefits to William G. Eggers (Claimant). We reverse.

The findings of fact, as found by the referee and adopted by the Board are as follows. Claimant was employed as a truck driver by Employer for nine months. In August of 1983, Claimant was suspended from work for excessive absenteeism and a failure to report off from work as required by Employer's policies and rules. After his suspension, Claimant was frequently tardy in reporting to work. On De-

cember 9, 1983, Claimant had a dispute with the dispatcher. Claimant used a vulgar expression several times as he walked away from the dispatcher, in the presence of a female employee. Employer has a rule against employees using "vile or abusive language," which was strictly enforced. Claimant was discharged on the same day for violating the Employer's rule against the use of vulgar language. The referee awarded benefits to Claimant·on the ground that the Claimant's conduct did not constitute willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] The Board affirmed the decision of the referee.

In an unemployment compensation case, the employer bears the burden of proving willful misconduct, and where the claimant attempts to justify his action, he must prove good cause. *Elliot v. Unemployment Compensation Board of Review*, 82 Pa. Commonwealth Ct. 107, 474 A.2d 735 (1984). Where the party with the burden of proof does not prevail before the Board, this Court's scope of review is limited to a determination of whether there has been a capricious disregard of competent evidence or whether the Board has committed an error of law. *Department of the Auditor General v. Unemployment Compensation Board of Review*, 86 Pa. Commonwealth Ct. 262, 484 A.2d 834 (1984). Whether conduct constitutes willful misconduct is a question of law subject to the review of this Court. *Wilson v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 504, 457 A.2d 164 (1983).

Here, Employer alleged that Claimant was discharged for his tardiness and for his violation of Employer's rule against the use of vile and abusive lan-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

guage. We find that the referee erred, as a matter of law, in finding that Claimant's violation of Employer's rule did not constitute willful misconduct.[2]

It is well settled that the deliberate violation of a reasonable work rule established by an employer ordinarily constitutes willful misconduct, unless the claimant demonstrates that he had good cause for the rule violation. *Wilson*, 72 Pa. Commonwealth Ct. at 507, 457 A.2d at 165. Here, Claimant freely admitted that he used the language in question. Claimant's anger and frustration as a result of the dispute with the dispatcher is not justification for his violation of the rule. *See Barksdale v. Unemployment Compensation Board of Review*, 79 Pa. Commonwealth Ct. 440, 469 A.2d 716 (1984). The referee reasoned that because the use of vile and abusive language during an argument between a truckdriver and dispatcher is neither abnormal nor unexpected, Claimant was not guilty of willful misconduct. However, the mere fact that the use of vulgar language may be expected during an argument, does not excuse the Claimant's conduct. The language used by Claimant is not made any less vulgar or offensive by the fact that its use is to be expected. *See Dodson v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 245, 437 A.2d 1080 (1981). Claimant violated a reasonable work rule without justification. Therefore, Claimant is guilty of willful misconduct under Section 402(e) of the Law.

Accordingly, we reverse the decision of the Board which affirmed the referee's decision to award benefits to the Claimant.

---

[2] We need not discuss whether Claimant's work record would support a finding of willful misconduct because Claimant's violation of Employer's work rule is sufficient to sustain a finding of willful misconduct.

464

## ORDER

AND Now, December 12, 1985, the decision of the Unemployment Compensation Board of Review at B-231360, dated June 5, 1984, is reversed.

---

DISSENTING OPINION BY JUDGE CRAIG:

Whether or not certain expletives constitute vile, abusive or vulgar language in a given context is essentially a question of fact. Here the referee and the Unemployment Compensation Board of Review decided that the truck driver claimant's direction of the phrase "fuck you" to his dispatcher in the course of a heated discussion was neither abnormal nor unexpected in the circumstances.

Because this court should not substitute its judgment for that of the factfinder upon the point in question, the decision should be affirmed.