519 A.2d 1098

Susan A. Groskin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 14, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Stephen D. Wicks,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Peter C. Layman,* Acting Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, January 12, 1987:

Susan A. Groskin (petitioner) appeals a decision and order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of unemployment compensation benefits. The Board's denial of benefits was predicated on the finding that petitioner's conduct amounted to "willful misconduct" under Section 402(e) of the Unemployment Compensation Law (Act).[1] We vacate and remand.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Petitioner was employed as a program director with Nelson House, a residence program that provides services to the mentally retarded. As program director, petitioner reported directly to Mr. Edgar Nelson, administrator and owner of Nelson House. Nelson House has a policy and procedural manual requiring all employees who witness or have knowledge of resident abuse to report it to the chief executive, namely, Mr. Nelson, who in turn is required to investigate the incident and report to state authority.

In July, 1984, Mr. Nelson was away from Nelson House on a business trip. Upon returning, Mr. Nelson learned from some of his employees that they had received telephone calls from petitioner in his absence, the context of which was that these employees would lose their jobs or possibly go to jail if they did not report incidents of child abuse.

After conducting an internal investigation, Mr. Nelson telephoned petitioner, who was out on sick leave, and informed her that she need not report to work because he was terminating her employment. When asked the reason for her termination, the employer said, "we will discuss it at a later time." Eventually, petitioner received a letter from Nelson House stating that she was terminated for willful misconduct.

Initially, we note that in light of our Supreme Court's decision in *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986), our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether any necessary findings of fact made by the agency are not supported by substantial evidence. *See also* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. Additionally, in an unemployment compensation case, whether conduct amounts to willful misconduct is a

question of law subject to our review. *Browning-Ferris Industries of Pa., Inc. v. Unemployment Compensation Board of Review,* 93 Pa. Commonwealth Ct. 460, 501 A.2d 711 (1985).

Petitioner contends that her actions cannot be characterized as willful misconduct as would render her ineligible for unemployment compensation benefits, because she was required by the Child Protective Services Law[2] and Nelson House operating procedures to report child abuse. Also, petitioner argues that the findings of fact were not supported by substantial evidence.

We agree with petitioner's assertion that in her position as program director of Nelson House, she was required by law and internal operating procedures to report child abuse. The question before this Court, however, is whether the manner in which petitioner called her fellow employees rises to the level of willful misconduct to justify the denial of benefits.

The referee in finding of fact No. 7 stated, "that claimant during the time she was off from July 17, 1984, through July 23, 1984, contacted numerous co-workers and attempted to pressure them because of her position as program director into siding with her in regards to her allegations of wrongdoing and child abuse." The phrase "attempted to pressure" is extremely vague, but implies wrongdoing on petitioner's behalf. If petitioner called the people in question and informed them that it was their duty to report incidents of child abuse, this cannot be willful misconduct. If, however, there was pressure from petitioner to falsely report incidents of child abuse, this would be willful misconduct.

---

[2] Sections 1-24 of the Child Protective Services Law, Act of November 26, 1975, P.L. 438, *as amended,* 11 P.S. §§2201-2224. *See also* 55 Pa. Code §§14.1-14.9, Abuse of Patients/Residents.

The record reflects that after relating her concerns to the local mental health office, petitioner was instructed to contact other employees to produce additional first-hand testimony of child abuse (finding of fact No. 4). The Board argues that the petitioner, by contacting her fellow employees, brought inappropriate pressure to bear on them and, therefore, her actions amount to willful misconduct. We disagree. There is little room for argument that the issue of treatment of the mentally handicapped is one of preeminent concern. However, in a similar case, dealing with written rather than telephonic communication, our Court has held that there must be a determination of motive: "Of course, the fact that the letter dealt with a matter of considerable public concern would not insulate the claimants from a determination of willful misconduct if their motives were tainted by malice or indifference." *Kelley v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 136, 143, 466 A.2d 1143, 1147 (1983).

The pertinent section of the Child Protective Services Law states, "that any person, who in the course of their employment, occupation, or practice of their profession come into contact with children *shall* report or cause a report to be made . . . when they have reason to believe, on the basis of their medical, professional or other training and experience, that a child coming before them in their professional or official capacity is an abused child."[3] (Emphasis added). Furthermore, any person or official required by this act to report a case of suspected child abuse who willfully fails to do so, shall be guilty of a summary offense, except that for a second or subsequent offense, shall be guilty of a misdemeanor of the third degree.[4]

---

[3] 11 P.S. §2204.
[4] 11 P.S. §2212.

In the matter *sub judice,* it is necessary to determine the specific content of the telephone calls alleged to have been made by petitioner. The trier of fact also must make a factual determination as to whether these telephone calls were motivated by a concern for the residents of Nelson House and a desire to comply with the law or, instead, were made in an effort to harass petitioner's employer.

Our Court must have significant factual findings in order to determine whether or not an individual's actions amount to willful misconduct as a matter of law. *See Miller v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980).

Accordingly, the matter must be remanded for a determination of whether the telephone calls made by petitioner were for an improper purpose or made in an attempt to comply with the law. Of course, a finding as to what was said by petitioner during these telephone discussions is necessary in order to properly resolve the matter.

ORDER

AND NOW, this 12th day of January, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned matter is vacated and the case is remanded to the Board for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.