162 Pa. Commonwealth Ct. 275 (1994)
638 A.2d 461
Michael G. HEITCZMAN, Petitioner,
v.
UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.
Commonwealth Court of Pennsylvania.
Submitted on Briefs February 2, 1994.
Decided February 28, 1994.
*277 George A. Heitczman, for petitioner.
Norina K.S. Stone, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.
Edward P. McNelis, for intervenor, Central Air Freight Services Inc.
Before CRAIG, President Judge, and DOYLE, COLINS, McGINLEY, SMITH, PELLEGRINI and KELLEY, JJ.
PELLEGRINI, Judge.
Michael G. Heitczman (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) reversing the Referee's decision and denying him unemployment compensation benefits for willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1]
Claimant was employed as a truck driver by Central Air Freight Service (Employer) from January 8, 1991 through his last day of work on November 25, 1992. The Employer had a policy, of which Claimant was aware, that required its truck drivers to keep the backing up of their trucks to a minimum, *278 and if they had to back up, to get out of their vehicles and walk completely around their trucks to ensure that their path of travel was clear to avoid accidents.[2]
On November 25, 1992, Claimant was in the Employer's truck parked in the Palmer Park Mall in Easton, Pennsylvania, where he was attempting to get a signal on his radio. Because he could not get a signal, he decided to use a public phone instead and got out of the truck. After getting out of the truck, Claimant changed his mind and got back in the truck deciding to relocate the truck in an attempt to get a clear signal. Even though such a maneuver required Claimant to back up his truck before heading to another location, he did not walk completely around the truck to determine if there was anything in his path before backing up. He then started backing up the truck until he hit a light standard on Mall property. The light standard fell on the roof of the truck causing an undetermined amount of damage to the truck and approximately $6,200 in damage to the light standard.
After notifying his Employer of the accident, Claimant was discharged from his employment for violating the Employer's company policy. Claimant filed a claim for unemployment compensation benefits with the Pennsylvania Department of Labor and Industry at the Hazleton Job Center (Job Center). The request for benefits was denied on the basis of Section 402(e) of the Law for willful misconduct connected with Claimant's employment. Claimant filed an appeal with the Referee and at the hearing testified that he was aware of the Employer's policy, but he did not directly violate that policy because the light standard was located in his blind spot, and he could not see it when backing up the truck.[3]
*279 Relying on Claimant's testimony, the Referee issued a decision reversing the Job Center, finding that the Employer had not met its burden of proving that Claimant's conduct constituted willful misconduct. The Employer then filed an appeal with the Board, which reversed the Referee because Claimant admittedly was aware of the Employer's policy, but had not presented adequate justification for not following that policy. This appeal by Claimant followed.[4]
When a claimant has been denied benefits under Section 402(e) of the Law, the employer has the burden of proving the willful misconduct for which the employee was terminated. Browning-Ferris Industries of Pennsylvania, Inc. v. Unemployment Compensation Board of Review, 93 Pa.Commonwealth Ct. 460, 501 A.2d 711 (1985). For behavior to constitute willful misconduct, the employee's behavior must evidence (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of work rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful disregard for the employer's interests or the employer's duties and obligations. Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, 10 Pa.Commonwealth Ct. 90, 309 A.2d 165 (1973).
*280 In this case, there is no dispute that the Employer had a work policy on the backing up of its trucks, Claimant was aware of that policy, and in violation of that policy, he backed up his truck without getting out and walking around it to see if there were any obstacles in his path. Claimant argues, however, that his actions did not constitute willful misconduct because he did not make a deliberate decision to back up the truck improperly. At most, he argues, his conduct was negligent because he allowed his attention to be divided between operating the truck and operating the radio.[5]
Claimant relies on our Supreme Court's holding in Myers v. Unemployment Compensation Board of Review, 533 Pa. 373, 625 A.2d 622 (1993), to support his contention that mere negligence by an employee does not amount to willful misconduct. In Myers, a truck driver was discharged after being involved in three traffic accidents within a six-month period. Overturning this court's decision, our Supreme Court held that even though claimant was involved in three accidents, his conduct did not constitute willful misconduct making him ineligible for benefits. Essentially, it found that claimant's unintentional conduct did not constitute willful misconduct, but merely established that he was not a good truck driver. This holding is in accord with the general rule in unemployment cases that inability to perform assigned tasks never constitutes willful misconduct that would cause benefits to be denied. Ungard v. Unemployment Compensation Board of Review, 65 Pa.Commonwealth Ct. 127, 442 A.2d 16 (1992).
However, Myers did not hold that an employee's failure to follow an affirmative obligation placed on him by a reasonable work rule does not establish willful misconduct. To the *281 contrary, in Myers, our Supreme Court, in addressing whether the Claimant could be discharged for failing to report one of the accidents in violation of a work rule, made no mention that mere inadvertence would excuse such a failure. While Claimant argues further that even an inadvertent violation of an employer's work rule may not constitute willful misconduct, citing Morysville Body Works, Inc. v. Unemployment Compensation Board of Review, 54 Pa.Commonwealth Ct. 6, 419 A.2d 238 (1980), Morysville does not stand for that proposition.
In Morysville, an employee violated a shop rule by punching the time card of another employee. Finding that employee's action was solely based on mistake, we affirmed the Board's grant of unemployment compensation benefits. However, in this case, there is no question of mistake. Claimant knew of the existence of the work rule, specifically failed to follow it by backing up his truck without making a "walk around" and, as a result, hit the light standard that crashed onto the roof of his Employer's truck. Such conduct is not the type of inadvertence, i.e., negligence, that Myers or Morysville addressed, but is more akin to disobedience of a direct instruction.
Accordingly, the decision of the Board is affirmed.

ORDER
AND NOW, this 28th day of February, 1994, the order of the Unemployment Compensation Board of Review, dated March 29, 1993, No. B-92-08-B-0423, is affirmed.
McGINLEY, Judge, dissenting.
I respectfully dissent. The majority concludes that "Claimant knew of the existence of the work rule [and] specifically failed to follow it." The majority's conclusion rests on the belief that Claimant's conduct in the present case was neither negligent nor solely based on mistake. See Myers v. Unemployment Compensation Board of Review, 533 Pa. 373, 625 A.2d 622 (1993) and Morysville Body Works, Inc. v. Unemployment *282 Compensation Board of Review, 54 Pa.Commonwealth Ct. 6, 419 A.2d 238 (1980).
In the present controversy there is no dispute that Heitczman intended to put the truck in reverse. However, Heitczman testified that he did not directly violate company policy, "due to the fact that I was out of the truck before I started backing up." N.T. at 5. However, the Board failed to make a finding as to whether Heitczman intended to violate or consciously disregard Employer's policy. Willful misconduct requires an intentional or deliberate act. Myers. An inadvertent violation of an employer's rule does not constitute willful misconduct. Morysville.
I would vacate the Board's order and remand the case for further findings as to whether Heitczman's violation of Employer's work rule was inadvertent.
KELLEY, J., joins in this dissent.
NOTES
[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, as amended, 43 P.S. § 802(e). Section 402(e) of the Law provides:

An employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act.
[2] Specifically, the policy stated:

Backing. Keep backing to a minimum. If you must back up, Company policy requires that you get out of the vehicle and walk completely around it checking side and overhead clearances and the path of travel. Look for uneven surfaces that might cause the unit to lurch to the side and sideswipe some other vehicle or object. Always back slowly and cautiously, and avoid backing from the "blind side." You are also required to use your horn and flashers.
[3] Specifically, Claimant testified:

[I] was out of the truck before I started backing up, not directly to look behind me, but we have company radios in the vehicles and I couldn't get a signal on the radio, so I was going to get out and use the phone. But then I decided to get back in the truck and try to relocate the truck to try and get a clear signal on the channel. And when I got back in the truck, I didn't take complete notice that there was nobody, no person's [sic] or no vehicles behind me and as I backing up, the poles are narrow and the truck is wide, you're using your mirrors, it was in a blind spot dead  you know, dead on my center and I couldn't  and I did not just see it and I was right up on it like that. (Notes of Testimony at 32a.)
[4] Where the party with the burden of proof prevails before the Board, our scope of review on appeal is limited to a determination of whether the Board's necessary findings of fact are supported by substantial evidence or whether an error of law was committed. Mendez v. Unemployment Compensation Board of Review, 101 Pa.Commonwealth Ct. 366, 516 A.2d 806 (1986).
[5] Claimant also argues that the Employer's work policy was unreasonable. While the employer must prove the existence of a reasonable work rule and its violation in cases involving the violation of an employer's rules, Metropolitan Edison Company v. Unemployment Compensation Board of Review, 146 Pa.Commonwealth Ct. 648, 606 A.2d 955 (1992), Claimant has raised this issue for the first time on appeal to this court. As such, we will not address this issue because it has been waived. Wing v. Unemployment Compensation Board of Review, 496 Pa. 113, 436 A.2d 179 (1981).