Troy E. DANIELS, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 19, 2000.

Decided July 13, 2000.

---

John B. Dougherty, Harrisburg, for petitioner.

Kevin M. Gold, Harrisburg, for intervenor, Hess Trucking Co.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Troy E. Daniels (Claimant) petitions for review from a determination of the Unemployment Compensation Board of Review (Board), affirming a decision of a referee, denying Claimant unemployment compensation benefits pursuant to Section 402(e)

of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was last employed by Hess Trucking (Employer) as a full-time dock worker. At the time of his termination on September 23, 1999, Claimant had been employed by Employer for over eight years.

In June of 1999, Employer's Vice–President, Joseph Underkoffler, met with Swatara Township police officials relative to allegations that, *inter alia*, marijuana was being sold at Employer's facility. After the meeting, Employer contacted a security firm and surveillance cameras were installed and operated in Employer's facility between June, 1999, and July, 1999. Surveillance films showed a supervisor and two dock workers smoking a pipe in the battery room at Employer's facility.

On September 10, 1999, Mr. Underkoffler accompanied Stephen Graybill, one of the individuals seen smoking on the films, to the police. Police officers questioned Mr. Graybill about the use of marijuana at Employer's facility as well as the source of the marijuana. The officers also requested that Mr. Underkoffler refrain from taking disciplinary action against Mr. Graybill in the event Mr. Graybill cooperated with the investigation into the source of the marijuana. Mr. Underkoffler agreed. Graybill then advised the officers that he had purchased marijuana from Claimant while on Employer's premises.

On September 15, 1999, police officers confronted another employee, Earl Bittinger, who the police believed was about to purchase marijuana from Claimant on Employer's premises. Bittinger informed the authorities that he did not purchase marijuana from Claimant on that date, although he intended to do so. Further, Bittinger related that he had purchased marijuana from Claimant at Employer's facility on prior occasions.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

After conducting an investigation and interviewing a number of other employees regarding the above-referenced allegations, the manager of Employer's facility contacted Claimant, asking whether Claimant had been selling drugs at work. Although Claimant denied the allegations, he was nevertheless terminated for selling marijuana to his coworkers on Employer's premises.[2] In light of their cooperation in the investigation, Mr. Graybill and Mr. Bittinger were not terminated despite the fact that they had smoked marijuana while at work.

Claimant filed for and was denied benefits by the Capital Region Job Center. He appealed and, after hearings, a referee affirmed. Claimant again appealed and the Board affirmed.

Presently, on appeal to this Court,[3] Claimant asserts that the referee's decision was not supported by substantial evidence. Specifically, Claimant challenges the findings of the referee and Board, characterizing the testimony Employer presented as "self-serving" and "less than credible." (Claimant's brief at pages 12, 13).

■■■ An employer contesting unemployment compensation benefits on the ground that an employee was discharged for willful misconduct has the burden of proving the existence of the work rule, the reasonableness of the rule and the fact of its violation. *Williams v. Unemployment Compensation Board of Review,* 141 Pa. Cmwlth. 667, 596 A.2d 1191 (1991). Once the employer has proven these elements, the burden then shifts to the claimant to prove that he had good cause for his ac-

tions. *Id.* For behavior to constitute willful misconduct, the employee's conduct must evidence (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of work rules, (3) the disregard of standards of behavior which an employer can rightfully expect from its employee, or (4) negligence which manifests culpability, wrongful disregard for the employer's interests or the employer's duties and obligations. *Heitczman v. Unemployment Compensation Board of Review,* 162 Pa.Cmwlth. 275, 638 A.2d 461 (1994), *petition for allowance of appeal denied,* 538 Pa. 660, 648 A.2d 791 (1994).

Here, Employer presented testimony and documentary evidence (i.e., sworn statements)[4] that Claimant had sold marijuana on Employer's premises. (*See* testimony of Stephen Graybill, N.T. at page 35; testimony of Earl Bittinger, N.T. at page 60; Exhibit No. 11, Exhibit No. 12, Exhibit No. 13). In response, Claimant testified in his own behalf, denying the allegations. Thus, the referee and Board were faced with conflicting testimony.

■■■ The Board, as the ultimate factfinder, determines the weight and credibility of the evidence and is free to reject even uncontradicted testimony. *Wideman v. Unemployment Compensation Board of Review,* 95 Pa.Cmwlth. 218, 505 A.2d 364 (1986). Here, the referee and Board found the testimony and evidence presented by Employer to be more credible than Claimant's testimony. The fact that one party to a proceeding may view testimony differently than the Board is not grounds for reversal if, as in this case, substantial evidence supports the Board's findings. *Tap-*

2. Article 16, Section 3 of the agreement between Claimant's union and Employer provides that possession of a controlled substance or being under the influence of a controlled substance while on the Employer's premises will result in immediate discharge. (Referee's finding of fact No. 12).

3. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or

whether necessary findings of fact are supported by substantial evidence. *Shrum v. Unemployment Compensation Board of Review,* 690 A.2d 796 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 548 Pa. 663, 698 A.2d 69 (1997).

4. We note that these sworn statements were admitted into the record without objection. (N.T. at page 7).

co, Inc. v. Unemployment Compensation Board of Review, 168 Pa.Cmwlth. 292, 650 A.2d 1106 (1994). Thus, we conclude that Claimant's argument is without merit.

Next, Claimant argues that the Board erred in denying Claimant benefits because he was subjected to disparate treatment. In other words, the Board improperly denied him benefits because, while Claimant was terminated, Mr. Graybill and Mr. Bittinger remained employed.

■ The essence of a disparate treatment claim is that similarly situated people are treated differently based upon an improper criterion. See American Racing Equipment, Inc. v. Unemployment Compensation Board of Review, 144 Pa. Cmwlth. 310, 601 A.2d 480 (1991). In Woodson v. Unemployment Compensation Board of Review, 461 Pa. 439, 336 A.2d 867 (1975), this Court first recognized that when employees are subjected to differing standards of conduct, disqualification from the receipt of benefits under Section 402(e) of the Law is improper. Hence, the Woodson court refused to condone the discharge of black employees for tardiness when white employees with similar attendance records were not terminated, stating that it constituted state action based on racially discriminatory policies.

The issue was once again addressed in Remcon Plastics, Inc. v. Unemployment Compensation Board of Review, 651 A.2d 671 (Pa.Cmwlth.1994). In that case, the claimant was a laborer who had an altercation with a fellow employee who was also a laborer. The claimant was discharged as a result of the conflict while his coworker was not. A referee granted benefits and the Board affirmed, citing disparate treatment. On appeal, this Court affirmed, holding that the claimant and his coworker were similarly situated and that the employer offered no evidence of proper criteria, such as business necessity, to justify the disparate treatment. See also Electric Material Co. v. Unemployment Compensation Board of Review, 664 A.2d 1112 (Pa.Cmwlth.1995)(although the claimant

and coworker both refused to work mandatory overtime, the denial of claimant's benefits was proper as the employees were not similarly situated because of differing work records; the employer's decision was not based on improper criteria such as unlawful discrimination).

■ Here, Employer undoubtedly terminated Claimant but allowed his coworkers to continue to work based upon proper criterion, i.e., business necessity. Employer knew that marijuana was being sold on its premises and in an effort to stop such illegal activities, sought the source of the problem. By offering Mr. Graybill and Mr. Bittinger protection from termination, Employer was able to rid its facility of an undesirable and potentially dangerous situation. We believe these motivations outweigh any assertions that Claimant was subjected to disparate treatment.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 13th day of July, 2000, the order of the Unemployment Compensation Board of Review is hereby affirmed.