# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Veronica Vizzi,                                                :
                        Petitioner          :
                                                              :        No. 1044 C.D. 2015
                        v.                     :
                                                              :        Submitted: November 6, 2015
Unemployment Compensation           :
Board of Review,                             :
                        Respondent        :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
                      HONORABLE PATRICIA A. McCULLOUGH, Judge
                      HONORABLE JAMES GARDNER COLINS, Senior Judge


## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                          FILED: March 9, 2016


Veronica Vizzi (Claimant) petitions for review of the May 29, 2015 order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision that Claimant was ineligible for benefits under section 402(e) of the Unemployment Compensation Law (Law).[2]

Claimant worked for Grace Pharmacy, Inc. (Employer) from October 31, 2011, through December 23, 2014. Claimant was last employed as pharmacy

---

[1] This case was assigned to the opinion writer on or before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which her unemployment is due to her discharge or temporary suspension from work for willful misconduct connected with her work.

director. Since late June or early July 2012, Claimant occasionally asked and permitted her husband to volunteer to perform pharmacy technician functions at Employer's New Jersey pharmacy. State regulations in New Jersey only permit an individual to perform such functions if he/she is registered with the New Jersey Board of Pharmacy or is a pharmacy technician applicant. Claimant's husband had prior experience in a retail pharmacy, but he was not registered as a pharmacy technician in New Jersey, nor did he meet the requirements of a pharmacy technician applicant. On July 10 and 11, 2014, Claimant asked and permitted her husband to volunteer to perform pharmacy technician functions at Employer's New Jersey pharmacy. Following a complaint by a co-worker and investigation by Employer, Claimant was discharged for permitting her husband to perform these functions in violation of New Jersey state regulations. (Board's Findings of Fact Nos. 1-6.)

Claimant applied for benefits with the local service center, which determined that she was ineligible for benefits under section 402(e) of the Law. Claimant appealed that determination to a referee who held a hearing on March 30, 2015. Claimant testified as to the facts described above. Claimant emphasized that her husband volunteered his services, and he was never employed at the pharmacy. She explained that her husband had 20 years of experience in retail pharmacy and had at one time been a pharmacy manager for Rite-Aid Corporation. Claimant acknowledged that New Jersey regulations require a pharmacy technician to be registered and that her husband was not registered in New Jersey. Claimant admitted that she did not have authorization to bring in her husband as a volunteer but that she had done it in the past and had advised her supervisor of the same. She noted that a supervisor had even observed her husband working at the pharmacy in the past but never cautioned or disciplined her. (Notes of Testimony (N.T.) at 3-6.)

2

Claimant stated that Employer services mentally disabled, long-term care patients, filling anti-seizure and anti-psychotics medications, which cannot be missed even for a day. Normally, Claimant explained that the medications were filled on a 28-day cycle, and usually dispensed to the care home on the last day of the cycle. However, she noted that New Jersey altered its regulation as of July 1 to a 14-day cycle and that she did not have enough help to fill all the medications for the then-current cycle. Claimant also explained that she usually worked in Pennsylvania but was filling in for a New Jersey pharmacist who was on vacation. Prior to asking her husband for help, Claimant testified that she contacted two or three other temp agencies but they had no pharmacy technicians available. With respect to July 10 and 11, Claimant stated that Employer's Director of Human Resources was aware that her husband was working in the pharmacy but never said anything to her. (N.T. at 7-8.)

Claimant testified that she believed that because her husband was volunteering at the pharmacy, he did not have to be registered with the state of New Jersey. Claimant noted that state regulations only reference such registration if a person is employed as a pharmacy technician. Claimant denied knowledge of any Employer policy prohibiting her from bringing in volunteers. (N.T. at 9.)

Claimant also presented the testimony of a former supervisor, Stephen Castellano. Castellano noted that he had the authority to discipline Claimant, even terminate her. Castellano stated that he was aware that Claimant had brought her husband into the pharmacy to assist her but that he never cautioned her against it or issued any discipline to her because of her actions. (N.T. at 10.)

Finally, Claimant presented the testimony of her husband, Pete Vizzi. He also stated that Employer's Director of Human Resources observed him working on July 10 and 11 but never said anything to him. He described himself as a

3

volunteer, not an employee, and noted his lengthy experience in the retail pharmacy industry. (N.T. at 11.) Employer was not present at the hearing.

By decision dated April 8, 2015, the referee affirmed the decision of the local service center that Claimant was ineligible for benefits under section 402(e) of the Law. The referee described Claimant's conduct as gross negligence which jeopardized Employer's operations sufficient to warrant a denial of benefits under section 402(e). (Referee's Decision at 2.) Claimant appealed to the Board, which issued its own decision concluding that Claimant was ineligible for benefits under section 402(e). The Board specified that section 13:39-6.6(b) of Title 13 of the New Jersey Administrative Code states that "a pharmacy shall only employ a person registered with the Board [of Pharmacy] as a pharmacy technician . . . or a pharmacy technician applicant." (Board Decision at 2.) The Board stated that the term "employ" can simply mean "to make use of," which "goes beyond the scope of merely an employment relationship." *Id.* The Board reasoned that this regulation was not intended "to regulate an employment relationship, but to ensure public safety," and it applied not only to employees, but also to volunteers performing pharmacy technician functions. *Id.* The Board further explained that violation of a New Jersey regulation superseded any condonation by a supervisor and that meeting deadlines was not a sufficient justification for Claimant's actions. *Id.*

On appeal to this Court,[3] Claimant argues that the Board erred in concluding that her actions rose to the level of willful misconduct because she did not

---

[3] Our scope of review in an unemployment compensation appeal is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of facts are supported by substantial evidence. *Leace v. Unemployment Compensation Board of Review*, 92 A.3d 1272, 1274 n.2 (Pa. Cmwlth. 2014). In unemployment cases, the Board is the ultimate fact-finder and is empowered to make all determinations regarding **(Footnote continued on next page…)**

4

violate a work rule, or deliberately violate a rule, by allowing her husband to volunteer in Employer's pharmacy. Claimant also argues that she had good cause for her actions.[4]

The employer bears the burden of proving that the employee's actions rose to the level of willful misconduct. *Stauffer v. Unemployment Compensation Board of Review*, 455 A.2d 300, 301 (Pa. Cmwlth. 1983). Whether an employee's actions constitute willful misconduct is a question of law subject to review by this Court. *Noland v. Unemployment Compensation Board of Review*, 425 A.2d 1203, 1205 (Pa. Cmwlth. 1981). While the Law does not define willful misconduct, our courts have interpreted it as including: (1) the wanton or willful disregard of the employer's interests; (2) the deliberate violation of the employer's rules; (3) the disregard of the standards of behavior which an employer can rightfully expect from an employee; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

---

**(continued…)**

witness credibility and evidentiary weight and its findings are binding on appeal when supported by substantial evidence. *Id*. at 1276.

[4] Claimant raises an additional argument that the Board's findings of fact are not supported by substantial evidence. *See* Claimant's brief at 26. However, in the course of this argument, Claimant disputes findings of fact made by the referee, not the Board. In the present case, the Board issued its own decision, containing findings of fact and a discussion of the law. "When the Board makes its own findings of fact, it is the Board's findings, not the referee's, that are subject to our review." *Allen v. Unemployment Compensation Board of Review*, 628 A.2d 448, 450 (Pa. Cmwlth. 1994). The Board's findings do not address the issues discussed by the referee and which Claimant attempts to challenge as unsupported by substantial evidence. Hence, Claimant's argument in this regard is misplaced.

An employer alleging a work rule violation bears the burden of establishing both the existence of a reasonable work rule and its violation. *Daniels v. Unemployment Compensation Board of Review*, 755 A.2d 729, 731 (Pa. Cmwlth. 2000). The employer must also show that the employee intentionally or deliberately violated the work rule. *Tongel v. Unemployment Compensation Board of Review*, 501 A.2d 716, 717 (Pa. Cmwlth. 1985); *see also MacFarlane v. Unemployment Compensation Board of Review*, 317 A.2d 324, 326 (Pa. Cmwlth. 1974) ("In all these definitions [of willful misconduct] there is an element indicating a consciousness of wrongdoing on the part of the employe[e]."). If an employer meets its initial burden to establish the existence of a reasonable work rule and its deliberate violation, the burden shifts to the claimant to demonstrate good cause for violating the rule. *Guthrie*, 738 A.2d at 522.

While Claimant focuses her argument on the interpretation of willful misconduct relating to deliberate violation of a work rule, we note that Claimant was not discharged for a work rule violation and neither the referee nor the Board considered this a work rule violation case. Rather, Claimant was discharged for permitting her husband to work in Employer's New Jersey pharmacy without being registered with the New Jersey Board of Pharmacy as required by the New Jersey Administrative Code. Indeed, the referee characterized Claimant's actions as "an act of gross negligence" that jeopardized Employer's operations. The Board appears to treat the matter in this context as well.

However, while Employer may have had sufficient justification to terminate Claimant's employment, we cannot say that her actions rose to the level of willful misconduct sufficient to render her ineligible for unemployment compensation benefits. Such a conclusion is not supported by the record in this case. Claimant

6

testified before the referee that her husband had volunteered to perform pharmacy technician functions at the pharmacy on several occasions, dating back as far as June or July of 2012. Claimant also testified that she informed her supervisor of her husband's service. Indeed, Claimant presented the testimony of a former supervisor, Castellano, who confirmed that he was aware that Claimant had brought her husband into the pharmacy to assist her but that he never cautioned her against it or issued any discipline to her because of her actions. Even on the relevant dates in this matter, July 10 and 11, 2014, Claimant testified that Employer's Director of Human Resources was aware that her husband was working in the pharmacy but never said anything to her. Employer did not appear for the referee's hearing and, hence, this testimony was not disputed.

Claimant explained that she only asked her husband for help on the relevant dates after contacting two or three temporary employment agencies, none of which had any pharmacy technicians available. The record also reveals that Claimant's motivation for seeking the assistance of her husband was actually to benefit Employer, i.e., to ensure that Employer's clients would timely receive necessary anti-seizure and anti-psychotics prescription medications. Additionally, while Claimant acknowledged that New Jersey regulations require a pharmacy technician to be registered, Claimant testified that she believed that because her husband was volunteering at the pharmacy, he did not have to be registered with the state of New Jersey. Claimant's belief is buttressed by the Board's finding that the term "employ" was not defined in the New Jersey Administrative Code.

The Board further acknowledged that Claimant's prior supervisor permitted her husband to volunteer at the pharmacy without disciplining her, but stated that "circumstances changed when an employee complained to New Jersey and

7

violation of the New Jersey regulations supersedes the supervisor's condonation." (Board op. at 2.) Again, while the violation of the regulation may have justified Claimant's termination of employment, upon review of the record in this case, and given Employer's knowledge and acceptance of Claimant's husband's volunteered service, we cannot conclude that Claimant's actions rose to the level of willful misconduct.

This Court reached a similar conclusion in *O'Keefe v. Unemployment Compensation Board of Review*, 333 A.2d 815 (Pa. Cmwlth. 1975). In *O'Keefe*, the claimant applied for unemployment compensation benefits after he was discharged for eating stale pastries belonging to the employer that were no longer for sale. Other employees also ate the stale pastries, which were to be shipped to the employer's main headquarters. The claimant's supervisor testified at the referee's hearing that he had observed the claimant and other employees eating these pastries on several occasions but never warned them that it was against the employer's policy. Additionally, the supervisor testified that he himself was unaware of any policy prohibiting the employees' actions until the day of the claimant's discharge, when a superior advised him of the same. The referee found that the claimant was not ineligible for benefits under section 402(e), but the Board reversed.

This Court ultimately reversed the Board's decision, concluding that the claimant's actions did not rise to the level of willful misconduct. We explained that the definition of willful misconduct "indicates that before the actions of an employe can constitute willful misconduct, the employe must display a serious disregard of his responsibilities to his employer, in a manner that is in some real sense detrimental to his employer's interests. The question is primarily a matter of degree, and the inquiry must be framed in terms of whether the employe's acts rise to the level of willful

8

misconduct." *Id.* at 818 (citation omitted). We noted that it was difficult to see how the claimant's conduct "can amount to a willful disregard of his employer's interest, a deliberate violation of rules, or negligence which manifests wrongful intent or evil design, when [the claimant's] supervisor observed the suspect action over a period of time, said nothing, and, in fact, did not know himself that any company policy was being violated." *Id.* Additionally, we noted the lack of any improper motive on the part of the claimant in consuming the stale pastries. While the claimant was terminated for his actions, his actions did not rise to the level of willful misconduct sufficient to render him ineligible for benefits under section 402(e) of the Law. We believe the same result is appropriate here.

Accordingly, the order of the Board is reversed.[5]

_____
PATRICIA A. McCULLOUGH, Judge

---

[5] Based upon our decision above, we need not consider Claimant's request that this Court consider a July 14, 2015 letter sent to her from the New Jersey Board of Pharmacy, or, alternatively, remand this matter to the Board for consideration of the same.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Veronica Vizzi,                  :
          Petitioner         :
                             :    No. 1044 C.D. 2015
         v.                   :
                             :
Unemployment Compensation     :
Board of Review,               :
           Respondent      :

## _ORDER_

AND NOW, this 9th day of March, 2016, the order of the Unemployment Compensation Board of Review, dated May 29, 2015, is hereby reversed.

_____
PATRICIA A. McCULLOUGH, Judge