# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

General Pipe Cleaning and Sewer
Service, Inc.,
       Petitioner

     v.

Unemployment Compensation
Board of Review,
       Respondent

:
:
:
:
:
:
:
:
:
:
:

No. 2526 C.D. 2015

Submitted: May 27, 2016

BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**       **FILED: July 7, 2016**

    General Pipe Cleaning & Sewer Service, Inc. (Employer) petitions for review from an order of the Unemployment Compensation Board of Review (Board) that granted Joseph A. Dupon (Claimant) unemployment compensation (UC) benefits, concluding Employer did not prove Claimant committed willful misconduct under Section 402(e) of the UC Law (Law).[1] Employer contends the Board erred in finding Claimant's conduct constituted mere negligence rather than willful misconduct. Employer also argues the Board erred in failing to find Claimant's discharge was based on a violation of a reasonable work rule or policy. Upon review, we affirm.

---

    [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).

Claimant worked for Employer as a full-time laborer/operator from October 16, 2014, until his last day of work on June 26, 2015. One of the vehicles Claimant operated was a truck that contained a hydraulically operated vacuum storage tank and pump system mounted on the vehicle. On June 26, after leaving a job site, Claimant failed to lower the tank on the truck and struck the top of a concrete tunnel with the tank, resulting in a total loss with damage valued at over $100,000. Employer ultimately terminated Claimant after the accident.

Thereafter, Claimant applied for UC benefits, which a local service center denied under Section 402(e) of the UC Law. Claimant appealed, and a referee's hearing followed.

At the referee's hearing, neither Employer nor Claimant was represented by counsel. Employer's business manager, Martin J. Schieken (Business Manager), testified for Employer. Business Manager testified Claimant was no longer employed because of his failure to perform required safety checks, which led to the accident. Business Manager also testified Claimant navigated the same truck through the same tunnel multiple times the week prior to the accident. His testimony included that Claimant was immediately suspended after the accident and was later formally discharged after completion of an investigation.

Employer's vice president, Arthur McErlean (Vice President), also testified for Employer. Vice President testified Claimant immediately contacted him after the accident, and Claimant told him he hit a bridge because he did not lower the tank all the way while driving through the underpass. Vice President

2

also testified he conducted the investigation of the accident and concluded Claimant's conduct was negligent because he did not ensure the truck's tank was down prior to driving the truck.

Claimant testified on his own behalf. He explained that he was terminated, "[d]ue to the accident in regards to the truck in the tunnel," and also for failing to follow company procedures. Referee's Hr'g, Notes of Testimony (N.T.), 9/10/15, at 16, 19. Claimant further testified he thought he put the tank down, he did not leave it up on purpose, and it was his responsibility as the truck operator to ensure the tank was in the correct position.

After the hearing, the referee found Claimant ineligible for benefits under Section 402(e). The referee determined the existence and violation of Employer's reasonable policy of requiring employees to secure vehicles they are driving and make them safe before driving. The referee also determined Claimant did not show good cause for violating this policy. Thus, the referee determined Claimant's actions constituted willful misconduct.

On appeal, the Board issued its own decision in which it reversed the referee's decision. The Board made the following six findings of fact (with emphasis added):

> 1. [C]laimant was last employed by [Employer] as a laborer/operator paid at the rate of $15 per hour. This was full time employment [C]laimant held from October 16, 2014 through June 26, 2015.

3

2. On June 26, 2015, [C]laimant became involved in a serious accident with [E]mployer's truck.

3. [C]laimant had emptied and cleaned the tank located on the back of the truck he was driving[,] and he accidentally left it partially raised when he drove the truck on the roadway.

4. Because he forgot to lower the tank to its proper position[,] when [C]laimant was driving through a tunnel, the tank struck the top of [the] tunnel and caused $100,000.00 worth of damage to [E]mployer's vehicle.

5. [C]laimant was discharged solely for his involvement in the accident.

6. [C]laimant did not deliberately cause the damage to the [E]mployer's truck.

Bd. Op., 11/19/15, Findings of Fact (F.F.) Nos. 1-6. In granting benefits, the Board reasoned (with emphasis added):

> Based upon the above Findings, which are supported by [C]laimant's credible testimony, the Board concludes that [C]laimant's actions do not rise to the level of willful misconduct. [C]laimant's actions in causing the accident and the damage to the employer's vehicle, were clearly negligent. Negligence, however, is not willful. Therefore, as repeatedly held by the courts benefits cannot be denied under Section 402(e) of the Law. See *Myers* [*v. Unemployment Comp. Bd. of Review*, 625 A.2d 622 (Pa. 1997)]; *Navickas* [*v. Unemployment Comp. Bd. of Review*, 787 A.2d 284 (Pa. 2001)]; *Grieb* [*v. Unemployment Comp. Bd. of Review*, 827 A.2d 422 (Pa. 2002) [sic]].

4

Bd. Op. at p. 2. Employer petitions for review to this Court.[2]

## Issues

In its brief, Employer states five issues that can be consolidated into two assignments of error. Employer first contends the Board erred in finding Claimant's conduct was the result of mere negligence rather than willful misconduct. Employer also asserts the Board erred in failing to find Claimant's discharge was based on a violation of a reasonable work rule or policy.

## Discussion

The Board is the ultimate fact-finder in UC cases. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc). Thus, matters of credibility and the weight to be given conflicting testimony fall within the Board's exclusive province. Id. We must view the record in the light most favorable to the prevailing party before the Board, and give that party the benefit of all reasonable inferences that can be drawn from the evidence. Sanders v. Unemployment Comp. Bd. of Review, 739 A.2d 616 (Pa. Cmwlth. 1999).

Section 402(e) of the Law states that an employee shall be ineligible for compensation for any week in which his unemployment is due to willful misconduct connected to his work. 43 P.S. §802(e). Willful misconduct within Section 402(e) is defined by the courts as: (1) a wanton and willful disregard of an

---

[2] Our review is limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Oliver v. Unemployment Comp. Bd. of Review, 5 A.3d 432 (Pa. Cmwlth. 2010) (en banc).

employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations. Grieb; Myers. The employer bears the initial burden of establishing a claimant engaged in willful misconduct. Navickas. Whether a claimant's actions constitute willful misconduct is a question of law fully reviewable on appeal. Id.

## I.

Employer first asserts the Board erred in finding Claimant's conduct constituted mere negligence rather than willful misconduct. Employer disputes the Board's fifth finding of fact, in which the Board found that Claimant was discharged solely for his involvement in the accident. Employer contends it terminated Claimant for a series of violations that manifested a wanton and willful disregard of Employer's interests.

More particularly, these violations included Claimant: (1) leaving the work site without lowering the tank; (2) failing to perform visual and physical inspections of the truck; (3) driving the vehicle with an unsecured tank; (4) striking an underpass with the vehicle and destroying a valuable piece of equipment; (5) failing to maintain a commercial driver's license (CDL) log book; (6) failing to refill the truck's windshield washer fluid reservoir; and, (7) failing to maintain driving records and duty status entries for the seven days preceding the accident.

Upon review, substantial evidence supports the Board's finding that Employer discharged Claimant solely for his involvement in the accident. Regarding Employer's termination letter, the referee inquired whether Claimant's termination regarded the multitude of policy and regulatory violations, or if it regarded the accident. Business Manager replied, "It has to do with the accident. The accident in the tunnel precipitated an inspection by the State Police." N.T. at 7. Thus, substantial evidence supports the Board's finding that Employer terminated Claimant solely for the June 26 accident.

Further, an inadvertent or unintentional mistake does not constitute willful misconduct under the Law. Navickas. Here, the Board found, "[C]laimant did not deliberately cause the damage to [E]mployer's truck." F.F. No. 6. This finding is supported by Claimant's credited testimony that he "thought [he] put [the tank] down," and he "wouldn't have done this on -- [he] did not do this on purpose. It was an accident." N.T. at 16, 17. Further, Claimant's testimony is bolstered by the testimony of Vice President, who stated, "[t]hat was negligent because he didn't check the truck out ...." N.T. at 12. Thus, the Board's sixth finding of fact, that Claimant did not deliberately cause damage to Employer's truck, is also supported by substantial evidence.

Our Supreme Court holds that "an employer cannot demonstrate willful misconduct by 'merely showing that an employee committed a negligent act, but instead must present evidence indicating that the conduct was of an intentional and deliberate nature.'" Myers, 625 A.2d at 625 (citation omitted). In Myers, this Court upheld the Board's denial of UC benefits to a claimant-truck

driver, finding his involvement in three accidents within a six-month period constituted willful misconduct. The Supreme Court reversed, concluding the evidence "reveal[ed] no … intentional and deliberate conduct on [claimant's] part," without which only a finding of negligence is supported. Id.

Thus, intentional action or its equivalent is a prerequisite for willful misconduct. The credited evidence here does not suggest Claimant intentionally violated Employer's rule, nor that he intentionally disregarded Employer's interests. Grieb; Myers. As in Myers, no evidence was presented to suggest Claimant acted intentionally to cause the truck accident. F.F. No. 6. Claimant thought he complied with the rules for lowering and inspecting the tank. Unfortunately, he was careless in doing so. Carelessness does not amount to willful misconduct under the Law. Rung v. Unemployment Comp. Bd. of Review, 689 A.2d 999 (Pa. Cmwlth. 1997).

## II.

Employer also contends the Board erred in failing to find Claimant's discharge was based on a violation of a reasonable work rule or policy. Employer argues Claimant violated a company equipment provision in its Employee Handbook where he was obligated to, among other things, ensure all equipment on the truck was secured. Reproduced Record (R.R.) at 39. Employer further alleges Claimant failed to comply with CDL regulations 231-9 and 395-A.[3] N.T. at 5.

---

[3] Business Manager testified these regulations concerned Claimant's failure to "maintain his log properly." Referee's Hr'g, Notes of Testimony, 9/10/15, at 5.

Employer maintains these policy violations must trigger an analysis under Heitczman v. Unemployment Compensation Board of Review, 638 A.2d 461 (Pa. Cmwlth. 1994), which mandates a finding of willful misconduct when a claimant knowingly violates an employer's reasonable rule.

Where a claimant is terminated for violating an employer's policy, the employer bears the burden of proving: (1) the existence of the policy; (2) that the policy was reasonable; and (3) that the claimant was aware of and violated the policy deliberately. Rothstein v. Unemployment Comp. Bd. of Review, 114 A.3d 6 (Pa. Cmwlth. 2015). If the employer satisfies its burden, the burden shifts to the claimant to establish he had good cause for violating the policy. Id. A claimant will be found to have had good cause to violate the policy if his conduct was justified or reasonable under the circumstances. Id.

Here, the Board's sixth finding of fact is critical: "Claimant did not deliberately cause the damage to [E]mployer's truck." F.F. No. 6 (emphasis added). Claimant's credited testimony provides substantial evidence to support this finding. N.T. at 16, 17. Thus, Claimant's purported rule violation of leaving the tank unsecured and driving off was an inadvertent or unintentional mistake, which does not constitute willful misconduct. Grieb; Navickas; Myers.

In addition, Heitczman, relied on by Employer, is distinguishable. There, the claimant worked as a truck driver. The employer had a policy that drivers were to conduct a "walk around" of their trucks prior to reversing. Id. at 464. The claimant in Heitczman was aware of this policy, yet failed to conduct the

required walk around. While reversing the truck, the claimant's truck struck a light standard, causing significant damage, and he was ultimately terminated. This Court determined that substantial evidence supported a finding of a deliberate rule violation. As a result, this Court held the claimant's *deliberate* failure to comply with the employer's policy constituted willful misconduct, as his action was "akin to disobedience of a direct instruction." Id. at 464.

Unlike in the case presently before us, the Board in Heitczman made no finding as to the claimant's state of mind regarding the rule violation.[4] Because the Board here found Claimant's conduct was *not deliberate*, F.F. No. 6, and this finding is supported by Claimant's credited testimony, this case is distinguishable from Heitczman. As the Board properly recognized here, our Supreme Court holds that an *inadvertent* rule violation does rise to the level of willful misconduct. Grieb; Navickas; Myers.

Similarly, this Court repeatedly holds that for a rule violation to constitute willful misconduct, the violation must be done *knowingly* and *deliberately*. Eshbach v. Unemployment Comp. Bd. of Review, 855 A.2d 943 (Pa. Cmwlth. 2004); BK Foods, Inc. v. Unemployment Comp. Bd. of Review, 547 A.2d 873 (Pa. Cmwlth. 1988); Kriebel v. Unemployment Comp. Bd. of Review, 426

---

[4] "An appellate court may consider only facts which have been duly certified in the record on appeal. A[n] [item] does not become part of the *certified* record simply by copying it and placing it in the *reproduced* record." Murphy v. Murphy, 599 A.2d 647, 652 (Pa. Super. 1991) (emphasis in original).

Here, although Employer included its Employee Handbook in its Reproduced Record, the Employee Handbook is not contained in the certified record on appeal. Thus, we may not consider it.

10

A.2d 1240 (Pa. Cmwlth. 1981); Frazier v. Unemployment Comp. Bd. of Review, 411 A.2d 580 (Pa. Cmwlth. 1980); Holomshek v. Unemployment Comp. Bd. of Review, 395 A.2d 708 (Pa. Cmwlth. 1979). Claimant's inadvertent conduct here does not amount to willful misconduct.

For these reasons, we affirm the Board.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

General Pipe Cleaning and Sewer    :
Service, Inc.,    :
              Petitioner    :
   :
         v.    :    No. 2526 C.D. 2015
   :
Unemployment Compensation    :
Board of Review,    :
              Respondent    :

# **O R D E R**

AND NOW, this 7th day of July, 2016, the order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
ROBERT SIMPSON, Judge